WOELFEL and another, Appellants, vs. NEW ENGLAND MUTUAL LIFE INSURANCE COMPANY and others, Respondents.

*October 18—November 13, 1923.*

*Equity: Assignment of proceeds of insurance policy by benefi-*
*ciaries: Fraud: Cancellation of assignment: Adequate remedy*
*at law: Jurisdiction of court: Different forms of relief sought:*
*Misjoinder of actions: Joinder of beneficiaries as plaintiffs.*

1. Where the complaint of beneficiaries under a life insurance policy against the executor of an insured, to whom they had assigned their rights under the policy and who had presented the checks of the insurer for indorsement by them, alleged that the assignment was procured by fraud and prayed for its annulment and for the recovery of the amount of the policy from the executor (the insurer having paid the fund into court and being thereupon released from liability), the action was in equity and not at law.   p. 50.

2. Equity has jurisdiction to cancel and set aside conveyances and other instruments in writing procured by fraud, on proper allegations and proof, where there is not an adequate and efficient remedy at law.   p. 51.

3. Where the assignment by the beneficiaries was procured by fraud they could bring an action in equity to set it aside, since in such case there was no adequate and efficient remedy at law.   p. 51.

4. When jurisdiction in equity is once obtained the court will consider the entire subject matter and retain such jurisdiction until all matters involved in the litigation and connected with the subject matter are finally disposed of, and for this

purpose may determine questions which would otherwise be cognizable in a court of law, and may ascertain and award damages, in order to avoid multiplicity of actions and do complete justice.  p. 51.

5. There is not necessarily a misjoinder of actions in a suit in equity although different relief may be demanded as against different defendants.  p. 51.

6. The policy having named the plaintiffs as beneficiaries and specified the amount to be paid each, and they being induced by fraud to assign their rights under the policy to defendant by a single instrument, they could join in an action against the defendant to annul the assignment and to recover the proceeds of the policy.  p. 52.

7. In passing on the sufficiency of a demurrer to a complaint the court must assume the truth of the allegations.  p. 52.

APPEAL from two orders of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge. *Reversed.*

For the appellants there was a brief by *Anderson, Donovan & Steinle* of Milwaukee, and oral argument by *Sylvester F. Donovan.*

For the respondents there was a brief by *John O'Meara,* attorney, and *McGovern, Hannan, Devos & Reiss,* of counsel, all of Milwaukee, and oral argument by *Francis E. McGovern.*

JONES, J.   This is an appeal by the plaintiffs from two orders of the circuit court for Milwaukee county; the first of which orders permitted a withdrawal of the defendants' answer and the right to file a demurrer to the complaint upon the ground that several causes of action had been improperly united; the second order sustained the demurrer afterward filed on that ground and ordered a division of the action into two separate actions, with leave to each of the plaintiffs to serve separate complaints setting forth separate causes of action.

In the original complaint the *New England Mutual Life Insurance Company* and *John F. La Boule* were named as

defendants. It appears from the record that during the pendency of the action the insurance company made application to the court that it might be allowed to pay to the clerk of the court the amount of the insurance policy, and that *John F. La Boule,* executor of the estate of Rev. Joseph S. La Boule, deceased, be substituted in place of the insurance company as defendant, and that it be released from all liability. An order was made accordingly dismissing the complaint as to the insurance company and directing that a summons and complaint be served upon *John F. La Boule* as executor.

In the amended complaint it was alleged that on or about January 30, 1909, upon application by Rev. Joseph S. La Boule, the insurance company issued and delivered to him a life insurance policy in the sum of $5,000, payable at his death; that in accordance with the application the plaintiffs were named in the policy as beneficiaries, and on the death of the insured and after due proofs the plaintiff *Regina Woelfel* became entitled to $3,800 and the plaintiff *Minnie Woelfel* to $1,200; that on or about the 21st of December, 1921, Rev. Joseph S. La Boule died and plaintiffs were then his beneficiaries; that plaintiffs are sisters, unmarried women aged forty and fifty years, respectively, with but little schooling and business experience; that Rev. Joseph S. La Boule had been for many years a Catholic priest and plaintiffs for many years continuously were in his employ as housekeepers and domestics; that the defendant *John F. La Boule* is a man about fifty-five years of age, a successful man of business, an attorney at law engaged in practice, a brother of Rev. Joseph S. La Boule, and the executor under his will; that *John F. La Boule* had made investments for the plaintiffs and guided them in their affairs of business and had complete control over them, and they had long reposed complete trust and confidence in his ability and integrity; that Rev. Joseph S. La Boule by his last will bequeathed to the plaintiff *Regina* the sum of

$6,000 and nothing to the plaintiff *Minnie;* that *John F. La Boule* was looking after the interest of *Regina* under the will and the interests of the plaintiffs under the policy of insurance; that on or about February 18, 1922, he called at their home and told them it was not the intention of Rev. Joseph S. La Boule to bequeath to *Regina* $6,000 and also make the plaintiffs beneficiaries of said insurance, and he advised them to take under the will and abandon their rights under the policy and to assign their rights under it to him; that he then presented an assignment of all their rights as beneficiaries to him, which fact was unknown to them until some time afterwards; that about two weeks afterwards he again called upon them and requested their indorsement to him of two bank checks of the insurance company, one to *Regina* of $3,800, and the other to *Minnie* of $1,200; that when the full import of the transaction became known to them they refused the request and stated that they had not abandoned their rights under the policy; that they afterwards demanded a return of the pretended assignment; that on August 1, 1922, plaintiffs demanded payment of the insurance company, but were refused payment because of the assignment and were notified that they would be paid if the assignment were withdrawn; that on or about the 1st of June they served a demand in writing upon the company, giving notice that the pretended assignment had been procured by trickery and misrepresentations and was without consideration.

There were further allegations as to the confidence reposed in *John F. La Boule;* to the effect that it was represented by him that they could not recover under the policy; that the instrument was not an assignment but a writing pertaining to the estate of his deceased brother; that there was no consideration for the assignment; that the representations made were false and fraudulent, made with intent to deceive, and were relied on.

It was further alleged that *John F. La Boule* became the

executor of the estate of his brother, and that on the 23d of March, 1922, he made an assignment to himself as executor of all his pretended rights under said assignment from the plaintiffs, and by virtue thereof claims the right to the proceeds of the policy; that this second assignment was executed without consideration and only for the purpose of carrying out the fraud upon the plaintiffs; that all conditions of the policy had been complied with and the policy was in full force on the death of the insured; that notice and proof of death had been duly made; that the defendant company was willing and ready to pay the plaintiffs said loss, but refused payment on account of said pretended assignment and had made no payment under the policy unless it be such payment into court.

In the prayer for relief it was asked that the pretended assignment be set aside as null and void; that plaintiffs recover from *John F. La Boule* $5,000, with interest, in proportion as their interests may appear, and for such other relief as may be just.

Although the foregoing is a summary only of the allegations of the complaint the substance of the principal allegations has been stated. After withdrawing their answer by permission of the court, defendants demurred to the amended complaint on the ground above stated. The demurrer was sustained.

In view of the conclusion we have reached it is unnecessary to decide whether there was any abuse of discretion in allowing the answer to be withdrawn and demurrer to be filed, and we shall only discuss the sufficiency of the demurrer.

The following statutes are cited by counsel for appellants as bearing on the subject:

"All persons having an interest in the subject of the action and in obtaining the relief demanded may be joined as plaintiffs, except as otherwise provided by law." Sec. 2602, Stats.

"Of the parties to the action those who are united in interest must be joined as plaintiffs or defendants; . . ." Sec. 2604, Stats.

Counsel for respondents argue that the legal interests of the plaintiffs in the policy of insurance were several and distinct; that when a contract has been made with several persons under which a separate duty arises to each, it is the same as if a separate and distinct contract had been entered into with each separately, and they must sue separately.

They further argue that there was no joint interest on the part of plaintiffs in the fund of $5,000; that the amount of the policy was divided into two portions specifying what portion each should have, and that neither party had any right or interest in the amount allotted to the other. Among other authorities cited to these propositions are the following: *Hubbard v. Burrell,* 41 Wis. 365; *Barnes v. Beloit,* 19 Wis. 93; *Shanahan v. Madison,* 57 Wis. 276, 15 N. W. 154; *Boyd v. Mutual Fire Asso.* 116 Wis. 155, 90 N. W. 1086, 94 N. W. 171; *Carstens v. Fond du Lac,* 137 Wis. 465, 119 N. W. 117; *Keary v. Mutual R. F. L. Asso.* 30 Fed. 359; *Belding v. Gains,* 37 Fed. 817; Pomeroy, Code Rem. (3d ed.) § 186; 15 Ency. Pl. & Pr. 528; 20 Ruling Case Law, 674; 30 Cyc. 120.

Respondents' counsel also argue that the action is at law and not in equity, and cite *Johnson v. Swanke,* 128 Wis. 68, 107 N. W. 481, and *Hall v. Bell,* 143 Wis. 296, 127 N. W. 967. Their entire argument is based on the view that the sole object of the suit is to recover on the insurance policy. We cannot so construe the complaint.

It is true that the recovery of money damages is sought, but the complaint contains numerous allegations tending to show that the assignment of the interest of plaintiffs in the insurance policy had been obtained by fraud. If this was a valid assignment plaintiffs had no longer any right

of action.  *Prima facie* it was a valid assignment and was
so treated by the insurance company.

The first relief sought was to set aside and cancel the
instrument, and the complaint contains appropriate aver-
ments for securing that result.  It is a familiar rule requir-
ing no citation of authorities that courts of equity have
jurisdiction to cancel and set aside conveyances and other
instruments in writing procured by fraud, on proper allega-
tions and proof, where there is not an adequate and efficient
remedy at law.

We do not consider that there was such a remedy so
long as an assignment of all the interest of the plaintiffs,
valid on its face, was outstanding and so long as there ex-
isted a second assignment to the estate of Rev. Joseph S.
La Boule.

It is another familiar rule that, when jurisdiction in
equity is once obtained, the court will take into considera-
tion the entire subject matter and retain such jurisdiction
until all matters involved in the litigation and connected
with the subject matter are finally disposed of.  For this
purpose the court may determine questions which other-
wise would be cognizable in a court of law; for example,
damages may be ascertained and awarded.  This is to avoid
multiplicity of actions and in order that complete justice
may be done.

It follows that there is not necessarily a misjoinder of
actions in a suit in equity although different relief may be
demanded as against different defendants.  *Gager v. Mars-
den,* 101 Wis. 598, 77 N. W. 922; *Level Land Co. v.
Sivyer,* 112 Wis. 442, 88 N. W. 317; *Zinc C. Co. v. First
Nat. Bank,* 103 Wis. 125, 79 N. W. 229; *Herman v.
Felthousen,* 114 Wis. 423, 90 N. W. 432; *State v. P. Loril-
lard Co.* 181 Wis. 347, 193 N. W. 613.

The assignment here in question was contained in one
instrument and was a single transaction affecting the rights

of· both plaintiffs.    They both had a common interest in removing the assignment so that they could enforce their rights.  *Gates v. Boomer,* 17 Wis. 455.

.  Counsel for appellants cite numerous cases to the effect that, in the absence of any assignment or of any ground for equitable relief, the plaintiffs could join in their action on the ground that under sec. 2602, Stats., they would have an interest in the subject of the action.    Among these cases are the following: *Schiffer v. Eau Claire,* 51 Wis. 385, 8 N. W. 253; *Seymour v. Carpenter,* 51 Wis. 413, 8 N. W. 251; *Great Western C. Co. v. Ætna Ins. Co.* 40 Wis. 373; *Strohn v. Hartford F. Ins. Co.* 33 Wis. 648; *Welch v. Sackett,* 12 Wis. 243; *Wunderlich v. C. & N. W. R. Co.* 93 Wis. 132, 66 N. W. 1144.

There is no demurrer on the ground that the complaint fails to state facts sufficient to constitute a cause of action. In passing on the sufficiency of the demurrer we of course must assume that the allegations of the complaint are true, and the merits of the main controversy are not before us.    The only objection is that several causes of action have been improperly united.

We conclude that it was error to sustain the demurrer and to direct a division of the action into two separate actions.

*By the Court.*——Orders reversed, and cause remanded with instructions to overrule the demurrer.