WALTER DIEHNELT, INC., Respondent, vs. ROOT and wife,
Appellants.

*March 14—April 8, 1924.*

*Equity: Action for an accounting: Grounds for interposition of a
court of equity: Action to recover overpayments to agent.*

1. In order to sustain an action in equity for an accounting the
complaint must show some special and substantial ground of
equity jurisdiction, as the need of a discovery, the compli-
cated character of the accounts, or the existence of a fidu-
ciary or trust relation, and it must appear that the remedy at
law is inadequate. · p. 538.
2. It is not enough to sustain such an action that the complaint
shows defendant had been plaintiff's agent, where it does
not allege that defendant has any knowledge not possessed by
plaintiff, or is called on to account for anything coming to
his hands as a result of the fiduciary relation, but simply
shows that defendant performed services for plaintiff for
which he was paid from time to time more than the amount
of commissions earned by him, and alleges nothing indicating
a necessity for the interposition of equity to do justice between
the parties, or that plaintiff has not a complete remedy at
law.   p. 539.
3. A complaint for accounting and other relief against plaintiff's
former agent and the assignee of the agent's claim for com-
missions which alleges that the agent has been overpaid does
not present a situation where the power of equity should
be exerted to prevent a multiplicity of suits, plaintiff's cause
of action being fully set forth in its counterclaim filed in an
action previously begun by the assignee and which is still
pending.   p. 539.

APPEAL from orders of the circuit court for Milwaukee
county: GUSTAVE G. GEHRZ, Circuit Judge. *Reversed.*

The appeal is from an order overruling a demurrer to
the complaint, which alleged, in abundant detail, the follow-
ing principal facts: On the 19th day of April, 1921, the
plaintiff entered into a contract with the defendant *C. W.
Root* by which it agreed to pay the said *Root* a commission
of five per cent. on sales made by him of its product in cer-
tain specified states.   The said *Root* agreed to maintain

suitable sales offices for the proper handling of plaintiff's business, to mail out at regular and proper intervals such price lists, advertising matter, etc., as might be essential to further the sale of plaintiff's products, and to maintain at all times a sales force sufficient to distribute the products offered for sale by the plaintiff, all at the expense of the said *Root.* This contract covered a period of five years. Said *Root* rendered certain services to the plaintiff in pursuance of said contract at considerable expense to himself, and thereby earned and became entitled to various amounts in the way of commissions, which were paid to him as the same became due. Plaintiff terminated this contract in June, 1922, and thereafter *Root* continued, temporarily, under a new arrangement, made orally, as salesman for the plaintiff, until January, 1923, at which time *Root* was definitely and finally dismissed from the service of plaintiff.

Thereafter *Ella Marion Root,* wife of *C. W. Root,* commenced an action against the plaintiff in the civil court of Milwaukee county to recover the sum of $2,000 due and owing to *C. W. Root* for commissions earned under his said employment, said cause of action having been assigned to her by the said *C. W. Root.* In said action plaintiff filed an answer and counterclaim, in which it was alleged that said *C. W. Root* had been greatly overpaid by the plaintiff, to ascertain the amount of which payment an accounting would be necessary; that the account to be examined greatly exceeded the sum of $2,000, and that the accounting could not be entertained in the civil court because the amount involved exceeded the jurisdiction of that court, and prayed that the action be certified to the circuit court for Milwaukee county; that said action is now pending in the civil court of Milwaukee county and that the presiding judge of said court has set the application for the removal of the cause to the Milwaukee county circuit court for hearing on the 14th day of July, 1923.

The complaint then goes on to allege that the plaintiff

verily believes that the defendant *Root* has been overpaid for his services under the said arrangements by the plaintiff in a sum of money not less than $5,000 and not exceeding $10,000 in amount, and that the action is brought for the purpose of obtaining an accounting between the plaintiff and the defendant *Root* of all matters between them during the employment and service of said *Root* as the agent of plaintiff; that the account amounts to twenty-five or thirty items of payment, amounting in the whole to somewhere about $25,000, and that the items of credit to which the defendant *Root* is entitled for services and outlays amount to several hundred in number, and that an accounting will be necessary in order to determine the true amount in which the defendants are indebted to plaintiff.

The complaint prays for an accounting "and for such other and further relief as the plaintiff shall appear to be entitled to, including an order directing that the action above mentioned brought by the defendant wife in the civil court of Milwaukee county be certified into this court and consolidated here for the purpose of trial with this action; and that the defendant wife be ordered to proceed no further with the said action in the civil court." On the 2d day of August, 1923, the court restrained the defendant *Ella Marion Root* from further prosecution of her action in the civil court of Milwaukee county, "and that the said action so restrained when certified to this court be, and the same hereby is, consolidated with this present action, to be tried together at the same time."

In due course the defendants demurred to the complaint on the ground that the court had no jurisdiction of the person of the defendants; that there is another action pending between the plaintiff and one of the defendants for the same cause, in which the same relief is demanded; that the complaint does not state facts sufficient to constitute a cause of action; and that the court has no jurisdiction to grant the relief prayed for. By its order dated August 7, 1923,

the court overruled defendants' demurrer.  This appeal is from the order made on the 2d day of August, 1923, enjoining the above named defendant *Ella Marion Root* from prosecuting her action in the civil court, and from the order dated August 7th overruling defendants' demurrer to the complaint.

For the appellants there was a brief by *Brennan, Lucas & O'Day* of Milwaukee, and oral argument by *Martin J. Brennan*.

For the respondent there was a brief by *Schroeder & Walmsley* of Milwaukee, and oral argument by *W. A. Schroeder* and *Horace B. Walmsley*.

OWEN, J.  The complaint before us purports to be in equity for an accounting.  It is demurred to, among other things, because it does not state facts sufficient to constitute a cause of action.  While the action in equity for an accounting is a familiar one, and the jurisdiction of equity in that behalf has been generously extended, nevertheless it is still the law that, "In order to sustain a suit in equity for an accounting, some special and substantial ground of equity jurisdiction must be alleged, and it must appear that the remedy at law is inadequate." *Ellis v. Southwestern Land Co.* 102 Wis. 409, at p. 412 (78 N. W. 583).  These special grounds of equity jurisdiction may be stated, generally, to be the need of a discovery, the complicated character of the accounts, and the existence of a fiduciary or trust relation. 1 Corp. Jur. 613; *Stein v. Benedict,* 83 Wis. 603, 53 N. W. 891.

It is true that this controversy is between the plaintiff and its former agent.  But it does not appear that the agent possesses any knowledge not known to the plaintiff, or that the agent is called upon to account for any money or property coming into his hands as a result of the fiduciary relation.  The complaint simply discloses that the agent rendered and performed services for the plaintiff for which he

was paid from time to time, and that the payments so made exceed the amount of the commissions earned by him. There is nothing to indicate that the plaintiff's books of account do not show the exact conditions of the account existing between plaintiff and the defendant *C. W. Root,* or that the defendant *C. W. Root* has knowledge or information concerning the status of said account which is not known to plaintiff, or that the said *C. W. Root* has collected any money for or on plaintiff's behalf. There is not a single allegation in the complaint indicating the necessity for the interposition of a court of equity in order to do justice between the parties, or to suggest that plaintiff has not a complete remedy at law. Neither does the complaint present a situation where the power of a court of equity should be exerted to prevent a multiplicity of suits. Plaintiff's cause of action is fully set forth in its counterclaim filed in the civil court action. That action should be permitted to take its course. For errors that may occur, if any, plaintiff will have its remedy by appeal. We see no excuse for the bringing of this action. Its institution creates the only situation that even hints at a multiplicity of suits. We are not impressed that it was commenced with any idea of facilitating the administration of justice. The demurrer should have been sustained and the complaint dismissed. This leaves no basis for the order of August 2d. Discussion of other questions argued becomes unnecessary.

*By the Court.*—Orders appealed from are reversed.