Usow, Respondent, vs. Usow and others, Appellants.

*November 10—December 5, 1933.*

The cause was submitted for the appellants on the brief of *Benjamin F. Saltzstein,* attorney, and *Benjamin Poss* and *Joseph P. Brazy* of counsel, all of Milwaukee, and for the respondent on that of *Bender, Trump, McIntyre & Freeman,* attorneys, and *Werner J. Trimborn* of counsel, all of Milwaukee.

NELSON, J.   The complaint, in form, contains two causes of action.

In the first cause of action so called it is alleged in substance and in fact as follows: That the Badger Raincoat Company is a Wisconsin corporation; that A. D. Usow, Jacob Briskin, and Oscar Rozoff were and are the president-treasurer, vice-president, and secretary respectively of said company; that on March 1, 1929, the plaintiff and de-

fendant A. D. Usow entered into a certain agreement of which all of the defendants at all times mentioned in the complaint had full knowledge; that pursuant to the provisions of said agreement the defendant A. D. Usow purchased of the plaintiff certain stock of the Badger Raincoat Company, and other companies, for the sum of $250,000; that by the terms of said agreement defendant A. D. Usow agreed to pay to the plaintiff $100,000 in cash on or before March 4, 1929, and to evidence the balance of the purchase price by twenty notes dated March 1, 1929, each in the amount of $7,500, maturing quarter-annually commencing January 1, 1930, and to secure said notes by pledging fifty-one per cent. of the entire outstanding stock of the Badger Raincoat Company and fifty-one per cent. of the entire outstanding stock of the Usow Rubber and Manufacturing Company, the contract further providing:

"In the event of further stock being issued by the Badger Raincoat Company and/or the Usow Rubber and Manufacturing Company, or in the event of voting power being given to preferred stock of either company, A. D. Usow agrees to deposit as additional collateral a sufficient amount of stock to keep the aggregate amount of pledged stock in excess of fifty per cent. of the total outstanding voting stock of each company, and any failure on his part to do so shall constitute a default upon such notes."

That the defendant A. D. Usow, pursuant to the terms of said agreement, deposited with the plaintiff 416 shares of the common stock of the Badger Raincoat Company and 336 shares of the common stock of the Usow Rubber and Manufacturing Company; that there is still due to plaintiff under said contract sums in excess of $90,000; that on March 1, 1929, the Badger Raincoat Company was the owner of certain real estate (fully described); that the Badger Raincoat Company was authorized by its articles

of organization to issue preferred stock, but on March 1, 1929, had only a small amount of such stock outstanding.

"6. That subsequent to the date of said agreement between said plaintiff and said defendant, A. D. Usow, said defendants entered into a series of transactions for the sole purpose, so plaintiff alleges upon information and belief, of lessening the value of the common stock of said the Badger Raincoat Company held by plaintiff as collateral, and entered into and carried into effect the following proceedings and transactions, namely: That on or about the 18th day of June, 1929, said individual defendants, as stockholders of said the Badger Raincoat Company, caused article III of the articles of organization of said corporation to be amended to provide for a capital stock structure of one hundred fifty thousand dollars ($150,000) of common stock and one hundred thousand dollars ($100,000) of preferred stock and that a true copy of said article III as so amended is hereto attached as 'Exhibit B' and made a part hereof; that at the same time, said stockholders authorized the sale of the above described real estate to said defendant A. D. Usow for a consideration of six thousand one hundred eighty-four and 69-100 dollars ($6,184.69) which was but a fractional part of its fair value, and that said defendants, A. D. Usow, Jacob Briskin, and Oscar Rozoff, as directors of said corporation, authorized such sale; that pursuant thereto, and on the 25th day of June, 1929, said the Badger Raincoat Company conveyed said real estate to said defendant A. D. Usow by quitclaim deed; that prior to the 18th day of July, 1929, said defendants A. D. Usow and Yetta Usow organized a corporation under the laws of the state of Wisconsin under the corporate name, Hel-ka Investment Company, and, so plaintiff alleges on information and belief, retained complete control of said corporation and its capital stock; that on the 18th day of July, 1929, said defendants A. D. Usow and Yetta Usow conveyed the above described real estate to said Hel-ka Investment Company by quitclaim deed; that in the month of December, 1929, said Hel-ka Investment Company conveyed said real estate to said the Badger Raincoat Company by quitclaim deed, in consideration of the issuance to it of approximately seventy thousand dollars ($70,000) of

the preferred stock of said the Badger Raincoat Company; that subsequent thereto, the stock certificates for preferred stock, so issued to said Hel-ka Investment Company, were surrendered to said the Badger Raincoat Company and, in lieu thereof, certificates for sixty-six thousand dollars ($66,000) of said preferred stock were issued and delivered to said defendant Yetta Usow; that so plaintiff alleges upon information and belief, said defendant Yetta Usow is still the holder of said preferred stock.

"7. That said transfer of said real estate to said defendant A. D. Usow by said defendant the Badger Raincoat Company was without adequate consideration, that said transfer of said real estate to said Hel-ka Investment Company by said defendants A. D. Usow and Yetta Usow, and said transfer of said preferred stock to said Yetta Usow by said Hel-ka Investment Company were wholly without consideration, and that, so plaintiff alleges upon information and belief, all of said proceedings and transactions were had for the sole purpose of defrauding plaintiff as pledgee of common stock of said corporation and of rendering his collateral valueless.

"8. That the issuance of said preferred stock by said corporation was illegal and void as to this plaintiff."

All of the allegations of the first cause of action are incorporated into the second cause of action together with the following additional allegations:

"1. That said defendant A. D. Usow has refused, failed and neglected to pay the promissory notes, executed and delivered to said plaintiff pursuant to said agreement of March 1st, 1929, which became due and payable on the 1st day of January, 1932, on the 1st day of April, 1932, and on the 1st day of July, 1932, or any part thereof.

"2. That on the 6th day of May, 1932, plaintiff duly gave notice of default and of his election to declare the entire balance of said indebtedness due and payable forthwith, by registered mail, as in said contract provided.

"3. That there is now due, owing and unpaid from said defendant A. D. Usow to said plaintiff the sum of ninety thousand dollars, with interest from the 1st day of October, 1931."

The following relief was demanded: that the preferred stock issued to Yetta Usow be set aside and surrendered to the company; that in case such relief be denied the defendants be required to transfer to the plaintiff further collateral so that the plaintiff may hold as collateral fifty per cent. of the total outstanding voting stock of the Badger Raincoat Company; that plaintiff have judgment against defendant A. D. Usow for $90,000 with interest; that plaintiff's collateral, together with any additional collateral which may be awarded to him, be ordered sold and the proceeds applied to the payment of the amount adjudged due him; that defendants be barred and foreclosed of all right, interest, or lien in or upon said property, and that, pending the action, the defendants be enjoined and restrained from selling, transferring, incumbering, or in any other way disposing of the preferred stock of the company.

The sole contention upon which the defendants presently rely is that the demurrer should have been sustained because several causes of action are united in the complaint which do not affect all the parties to the action. Sec. 263.04, Stats. This contention is based upon the assertion that three primary rights of the plaintiff are dealt with in the complaint, namely: (1) plaintiff's right to have the sums due on the notes paid to him by defendant A. D. Usow, (2) plaintiff's right to realize on the security pledged to him by the defendant A. D. Usow, and (3) plaintiff's right to have the value of the securities remain unimpaired by any fraudulent and unlawful acts of the defendants.

The problem of determining whether the complaint, reasonably construed, contains more than one cause of action would be less perplexing if the pleader had not, in form at least, alleged two causes of action. It appears, however, that all of the allegations of the first cause of action, by specific reference, are incorporated into the second cause of action. The effect of that incorporation is to make all of the alle-

gations of the first cause of action as much a part of the second cause of action as though fully recited therein. The complaint may be regarded as though the pleader had in form at least attempted to state but one cause of action. *Weber v. Naas,* 212 Wis. 537, 250 N. W. 436. We are not bound by the form of a pleading, but may consider the substance of the allegations thereof for the purpose of determining whether more than one cause of action is alleged therein. *Sullivan v. Ashland L., P. & St. R. Co.* 156 Wis. 445, 146 N. W. 506; *South Side L. Co. v. John Eller Lumber Co.* 161 Wis. 399, 154 N. W. 621.

If a liberal construction of the complaint reasonably permits of the conclusion that it contains an equitable cause of action affecting all of the parties but in which different kinds of relief are demanded which fairly may be said to be incidental, germane, and auxiliary to that cause of action, then defendants' contentions would seem to be not well founded.

It would be futile to review the numerous decisions of this court in which similar questions have arisen, and attempt to harmonize the holdings therein. It would be difficult, if not impossible, logically to harmonize them. Whether causes of action are improperly united in a complaint at times has been a most perplexing question. *Emerson v. Nash,* 124 Wis. 369, 102 N. W. 921; *McArthur v. Moffet,* 143 Wis. 564, 128 N. W. 445.

It seems to be fairly established that where an equitable cause of action is asserted many different kinds of relief may be demanded even though the different kinds of relief do not affect all of the parties to the action, so long as the relief is incidental, auxiliary, or germane to the principal controversy, promotes the administration of justice and a complete determination of the controversy.

In *American Can Co. v. Stare,* 150 Wis. 627, 138 N. W. 67, the plaintiff therein sought foreclosure of a real-estate mortgage, sale and foreclosure of personal property pledged

to him as additional security to the note, and a judgment for deficiency. It was held that the complaint contained but one cause of action. The following language taken from the opinion in *Zinc Carbonate Co. v. First Nat. Bank,* 103 Wis. 125, 139, 79 N. W. 229, was approved:

"The test of whether there is more than one cause of action stated or attempted to be stated in a complaint is not whether there are different kinds of relief or objects sought, but whether there is more than one primary right sought to be enforced or one subject of controversy presented for adjudication."

The following cases were cited: *South Bend C. P. Co. v. George C. Cribb Co.* 105 Wis. 443, 446, 81 N. W. 675; *Gager v. Marsden,* 101 Wis. 598, 77 N. W. 922; *Herman v. Felthousen,* 114 Wis. 423, 90 N. W. 432.

In *State v. P. Lorillard Co.* 181 Wis. 347, 193 N. W. 613, the complaint charged a conspiracy in restraint of trade. Various kinds of relief which affected all of the parties alike, but which affected some of the parties individually, was demanded. It was there contended by the defendants, in support of their demurrers, that the complaint contained four separate and distinct causes of action, some of which did not affect all of the parties to the action. It was there stated by Mr. Justice JONES, speaking for the court, after referring to many cases cited in the opinion:

"The cases we have cited indicate that when a primary right has been invaded the complaint may relate to many minor subjects, and facts may be stated constituting independent grounds for relief differing as to different defendants and still the complaint may not be subject to objection for misjoinder of causes of action."

In *Woelfel v. New England Mut. Life Ins. Co.* 182 Wis. 45, 195 N. W. 871, a complaint was considered which sought to cancel assignments of interests in certain life insurance payable to the assignors as beneficiaries under the policy and

to recover from the insurance company the separate amounts to which the two beneficiaries were entitled. It was held that there was no misjoinder of causes of action. The court grounded its decision upon the familiar rule that "when jurisdiction in equity is once obtained, the court will take into consideration the entire subject matter and retain such jurisdiction until all matters involved in the litigation and connected with the subject matter are finally disposed of. For this purpose the court may determine questions which otherwise would be cognizable in a court of law; for example, damages may be ascertained and awarded. This is to avoid multiplicity of actions and in order that complete justice may be done."

Fairly construing the allegations of the complaint we think it states a cause of action in equity which primarily seeks to have undone all that is asserted to have been done fraudulently by all of the defendants to destroy or seriously impair the value of the stock held as collateral to the notes of the plaintiff, and incidentally to have the stock sold, the proceeds applied on the debt, and to obtain judgment for the unsatisfied remainder found to be due from A. D. Usow. So viewing the complaint it seems to us that but one primary right or purpose is asserted therein and that is to collect what is due the plaintiff. According to the allegations of the complaint the plaintiff has the right to have the collateral sold after its value, asserted to be impaired as a result of the fraudulent and unlawful acts of the defendants, has been restored or partially restored.

*By the Court.*—Order affirmed.