MINOCQUA RESORT ASSOCIATION, INC., and others, Appellants, vs. STACK and others, Respondents.

*December 5, 1955—January 10, 1956.*

474

475

For the appellants there was a brief by *O'Melia & Kaye* of Rhinelander, and oral argument by *Walter F. Kaye*.

For the respondents there was a brief by *Schmitt & Gullickson* of Merrill, and oral argument by *Stuart G. Gullickson*.

GEHL, J. The trial court based its conclusion upon the theory that because, as appears from the allegations of the amended complaint, the corporation plaintiff seeks damages for the interference by defendants with its mail, in which matter the individual plaintiffs have no interest, there is an improper joinder of causes of action.

"The test of whether there is more than one cause of action stated or attempted to be stated in a complaint is not

whether there are different kinds of relief or objects sought, but whether there is more than one primary right sought to be enforced or one subject of controversy presented for adjudication." *Zinc Carbonate Co. v. First Nat. Bank of Shullsburg* (1899), 103 Wis. 125, 139, 79 N. W. 229. Quoted with approval in *Usow v. Usow* (1933), 213 Wis. 395, 251 N. W. 458.

It appears quite clearly from the allegations of the complaint, particularly the prayers for relief, that the individual plaintiffs demand nothing, as their own, that they seek recovery of nothing alleged to have been taken from them as individuals. They and the corporation contend that the assets withheld by the defendants are the property of the corporation. It is the primary right of the corporation which plaintiffs contend has been invaded by the defendants, and although it may be said that the individual plaintiffs are unnecessarily joined, that does not make the complaint subject to objection for misjoinder of causes of action.

The complaint is not rendered objectionable by reason of the fact that it is demanded that the status of the assets be declared, and that if it is determined that they are not trust funds the court declare distribution thereof. That must be construed as an incidental demand and does not affect the character of the complaint as asserting but one primary right or purpose, that is, to recover from the defendants certain property which is not theirs. *Herman v. Felthousen* (1902), 114 Wis. 423, 90 N. W. 432.

Defendants suggest that we treat the complaint as alleging, on behalf of the corporation, a cause of action for damages because of interference with plaintiff's mail and right to carry on its work, and on behalf of the individual plaintiffs as seeking to impose a trust upon the assets involved and for a distribution thereof. They contend that this is an attempt to join an action at law with one in equity. It may be that it is, but it must be kept in mind that the action is brought primarily on behalf of the corporation and to place in its hands

the property held by the voluntary associations, and that whatever other relief may be demanded is only incidental to the primary right alleged. The fact that a cause of action at law is sought to be joined with one in equity does not of itself make the complaint demurrable, sec. 263.04, Stats. Defendants do not suggest any reason why the statute is not applicable.

It is urged by the defendants that the facts alleged in the complaint do not establish plaintiff corporation as a successor entitled to the assets of the voluntary groups. As we construe that contention, it is to be considered as a general demurrer. It seems to us that the answer thereto is contained in their own brief, wherein they say that:

"The allegations set up by the corporation in this complaint to the effect that the defendants have interfered with the mails rightfully belonging to it and improperly interfered with its work, though nebulous and perhaps subject to a motion to make definite and certain, probably set up a good cause of action in favor of the plaintiff corporation as against a demurrer."

We are not now concerned with the question whether the corporation is entitled to the assets involved. The sole question is whether the complaint states a cause of action, the successful prosecution of which would entitle plaintiffs to some relief, and if one is disclosed by its allegations the demurrer must be overruled.

The plaintiffs request that we determine the question whether the corporation is a successor entitled to the assets of the two voluntary associations. The request overlooks the fact that we have before us only a demurrer. The citation of authorities to support the answer to the request is not required—we are without authority at this stage of the proceedings to make such determination.

*By the Court.*—Order reversed. Cause remanded for further proceedings according to law.