WHALING, Respondent, v. STONE CONSTRUCTION COM-
PANY, INC., and others, Appellants.

*September 10—October 7, 1958.*

114

For the appellants there was a brief and oral argument by *Clyde M. Paust* of Milwaukee.

For the respondent there was a brief and oral argument by *Joseph E. Tierney* of Milwaukee.

BROADFOOT, J. The defendants rely upon sec. 263.04, Stats., which reads as follows:

"UNITING CAUSES OF ACTION. The plaintiff may unite in the same complaint several causes of action, whether they be such as were formerly denominated legal or equitable or both. But the causes of action so united must affect all the parties to the action and not require different places of trial, and must be stated separately."

This section must be considered in connection with sec. 260.10 and sec. 260.12, Stats., as amended by Supreme Court Rule effective September 1, 1956, 271 Wis. p. vi.

Defendants cite *De Witte v. Kearney & Trecker Corp.* 265 Wis. 132, 60 N. W. (2d) 748, in which the action was dismissed because of a misjoinder of parties plaintiff. Since the amendment of the Supreme Court Rules mentioned above, the *De Witte Case* can no longer be used as a precedent.

Two articles in the 1955 Wisconsin Law Review, one on page 458 and one on page 91, give some indication of the expansion of the joinder rule since the days of common-law pleading and in the early days of the code. Of interest in showing the transition from the narrow to the more-liberal rules of pleading where the joinder of causes of action are objected to are *Simon v. Weaver,* 143 Wis. 330, 127 N. W. 950, and *McArthur v. Moffet,* 143 Wis. 564, 128 N. W. 445. Perhaps the Wisconsin case most nearly in point is *Usow v. Usow,* 213 Wis. 395, 251 N. W. 458.

In general, the statutes provide that the joining of several causes of action in the same complaint is permitted when the following appears: The causes (1) must affect all the parties to the action; (2) must not require different places of trial; (3) must be separately stated. Where the actions are equitable in nature, courts will now take into consideration the entire subject matter and retain such jurisdiction until all matters involved in the litigation and connected with the subject matter are finally disposed of. In that con-

nection we call attention to sec. 263.46, Stats., which reads as follows:

"PROCEEDINGS ON DECISION OF DEMURRER. After the decision of a demurrer the court may, in its discretion, if it appear that the demurrer was interposed in good faith, allow the party to plead over or to withdraw the demurrer on such terms as may be just. If a demurrer to a complaint be sustained upon the ground that several causes of action have been improperly united the court may, in its discretion and upon such terms as may be just, order the action to be divided into as many actions as may be necessary to the proper determination of the causes of action therein mentioned."

Under that section of the statutes, if the demurrer had been sustained, the trial court would undoubtedly have divided the action into as many as were necessary to the proper determination of the causes. Then under modern practice the cases would be consolidated for trial. As was stated in the *Usow Case, supra* (pp. 401, 402):

"If a liberal construction of the complaint reasonably permits of the conclusion that it contains an equitable cause of action affecting all of the parties but in which different kinds of relief are demanded which fairly may be said to be incidental, germane, and auxiliary to that cause of action, then defendants' contentions would seem to be not well founded. . . .

"It seems to be fairly established that where an equitable cause of action is asserted many different kinds of relief may be demanded even though the different kinds of relief do not affect all of the parties to the action, so long as the relief is incidental, auxiliary, or germane to the principal controversy, promotes the administration of justice and a complete determination of the controversy. . . .

" 'The test of whether there is more than one cause of action stated or attempted to be stated in a complaint is not whether there are different kinds of relief or objects sought, but whether there is more than one primary right sought to be enforced or one subject of controversy presented for adjudication.' "

Looking to the substance of the complaint rather than to the form it might be determined that the complaint sets up but one cause of action. The plaintiff asserts but one primary right or purpose, viz., to seek an accounting from his business associates. The other relief sought is incidental, auxiliary, and germane to the principal controversy. Under the liberal rules of pleading now in effect the administration of justice will be best promoted by trying in one action the issues presented in the complaint.

*By the Court.*—Order affirmed. The defendants shall have twenty days from the remittitur of the record within which to serve an answer or answers to the complaint.

MARTIN, C. J., took no part.