BEMBINSTER, Respondent, v. AERO AUTO PARTS, INC., Appellant.

*March 4—April 7, 1959.*

For the appellant there was a brief by *Gorman & Gorman* of Wausau, and oral argument by *David A. Gorman.*

For the respondent there was a brief by *Schmitt & Wurster* of Merrill, and oral argument by *C. B. Wurster.*

BROADFOOT, J. The defendant first contends that the place where the accident occurred was not a part of the defendant's place of employment. The point of accident clearly was on the private crossing over the track of the railway company. The defendant contends that the fact it may have been allowed by the railway company to construct the crossing over its right of way for the convenience of defendant's employees and frequenters did not make the main-line track a part of defendant's place of employment.

The defendant relies upon cases such as *Dickson v. Industrial Comm.* 261 Wis. 65, 51 N. W. (2d) 553, and *International Harvester Co. v. Industrial Comm.* 220 Wis. 376, 265 N. W. 193. The plaintiff admits that the defendant did not own the land upon which the private crossing was constructed but contends that the defendant had control thereof and that the case is governed by cases such as *Potter v. Kenosha,* 268 Wis. 361, 68 N. W. (2d) 4, *Johannsen v. Peter P. Woboril, Inc.,* 260 Wis. 341, 51 N. W. (2d) 53, and *Northwestern Fuel Co. v. Industrial Comm.* 197 Wis. 48, 221 N. W. 396.

The defendant further contends that, even though it be held that the place where the accident occurred was a place of employment, the complaint fails to allege that there was anything wrong with the construction of the private crossing as far as the materials, surface, and physical condition were concerned. The plaintiff admits that the alleged negligent act

of the defendant was not at the exact point of the accident but contends that permitting the growth of brush which obscured plaintiff's view was the cause of the accident.

As a general rule, in pleading negligence, only ultimate facts rather than evidentiary facts need to be pleaded. A complaint, when attacked by demurrer, should be liberally construed, and sustained if it expressly, or by reasonable inference, states any cause of action. The trial court applied these rules of construction and held that the complaint stated a cause of action. We agree.

In addition to the cases mentioned above, each of the parties cites and discusses other Wisconsin cases dealing with the subject of what constitutes a place of employment. We do not discuss the cases cited for the reason that some inference might be made upon the trial that one or more of the cases would be applicable to the facts that will be developed upon the trial.

*By the Court.*—Order affirmed.