ANTIGO SUPERIOR NURSING HOME, INC., and others, Respondents, v. FIRST FEDERAL SAVINGS & LOAN ASSOCIATION, Defendant: SUPERIOR NURSING HOME OF ANTIGO, INC., and others, Appellants.

*No. 256. Argued March 31, 1971.—Decided May 4, 1971.*
(Also reported in 186 N. W. 2d 265.)

For the appellants there was a brief by *Levin, Blumenthal, Herz & Levin* and *Thomas E. Weil,* all of Milwaukee, and oral argument by *Mr. Weil.*

For the respondents there was a brief by *Kelley, Weber & Bolte* of Wausau, and oral argument by *Richard Bolte.*

ROBERT W. HANSEN, J.   Four issues are raised on this appeal seeking reversal of the trial court order overruling the demurrer to the amended complaint.

(1) *As to cause of action for breach of contract.* The amended complaint alleges breach of a purchase and sale agreement, entered into on November 18, 1968, calling for sale of two nursing home facilities by respondents to National Health Enterprises, Inc., or to its assignee. As alleged in the complaint, respondents further agreed to construct and complete, without additional cost to the purchaser, an addition to the nursing home for the housing of twenty-two persons. It is alleged that subsequently it was agreed that certain construction equipment, a "bobcat" and truck, be transferred by respondents to National Health. At the time of closing, National Health chose to receive the property in the name of its nominee and subsidiary, Superior Nursing Home of Antigo, Inc.

Appellants contend that, as to alleged requested changes in construction and transfer of construction equipment, the complaint fails to allege that the requests were acknowledged so as to give rise to an obligation of payment. A complaint attacked upon demurrer is to be liberally construed and sustained if by reasonable interpretation it states a cause of action.[1] Facts alleged are assumed to be true.[2] The question is: Does the complaint state facts which give rise to a duty owing to plaintiff by defendants as a matter of law?[3]

The complaint on this aspect of the case meets the test. Paragraph 14 alleges that the respondents complied with the collateral agreement and that the appellants have failed to release the bargained for consideration. Requested construction changes are a part of the agreement. The allegation that respondents did fully and completely comply with that agreement sufficiently states a cause of action for the money promised. Whether in fact there was such compliance is for the trial to determine. That issue is not raised by demurrer. Paragraph 13(c) alleges the transfer of assets outside the sales agreement, alleging such transfer to be contrary to the agreement (paragraph 12). It sufficiently states a cause of action against the appellants.

(2) *As to cause of action for fraud.* The amended complaint alleges that, at the closing of the purchase and sale agreement, on January 28, 1969, the defendants, individually and collectively, wrongfully and fraudulently and with intent to deceive the plaintiffs, did provide and use an inflated figure as to the mortgages involved to the prejudice of the plaintiffs. The complaint fur-

---

[1] *Harte v. Eagle River* (1970), 45 Wis. 2d 513, 519, 173 N. W. 2d 683, quoting *Bembinster v. Aero Auto Parts* (1959), 7 Wis. 2d 54, 57, 95 N. W. 2d 778.

[2] *Gottlieb v. Milwaukee* (1967), 33 Wis. 2d 408, 414, 147 N. W. 2d 633.

[3] *Kagel v. Brugger* (1963), 19 Wis. 2d 1, 4, 119 N. W. 2d 394.

ther alleges that, at the time of closing and pursuant to the agreement to transfer certain assets not covered by the purchase and sale agreement, defendant, Al Zocher, then an employee of National Health, with access to the books and records of the plaintiffs, did wilfully and wrongfully satisfy certain indebtedness on such assets to the benefit of defendant, National Health, in the sum of $7,200.37.

Appellants claim that a cause of action for fraud is not sufficiently alleged. Once again, it is to be remembered that a complaint, attacked by demurrer, is to be liberally construed and ". . . sustained if it expressly, or by reasonable inference, states any cause of action." [4] Facts alleged are assumed to be true.[5] The fact that the plaintiffs may have difficulty in proving facts alleged cannot be considered.[6] Paragraph 13 of the complaint alleges that defendants did wrongfully and fraudulently, and with intent to deceive the plaintiffs, provide an incorrect figure for certain mortgages, and incorrectly charged certain closing costs against plaintiffs, and transferred assets contrary to an alleged previous agreement. Such allegation is sufficient to state the cause of action, alleging, as it does, fraud as to a material fact, acts done with intent to deceive and relied upon by plaintiffs.

(3) *As to cause of action for accounting.* The amended complaint alleges that, at the time of closing, respondents and appellants entered into a collateral agreement with the defendant, First Federal Savings & Loan Association, as escrow agent. The savings account of Superior Nursing Home of Antigo, Inc., was

---

[4] *Bembinster v. Aero Auto Parts* (1959), 7 Wis. 2d 54, 57, 95 N. W. 2d 778.

[5] *Volk v. McCormick* (1969), 41 Wis. 2d 654, 658, 165 N. W. 2d 185.

[6] *Christenson & Arndt, Inc. v. Wisconsin Telephone Co.* (1953), 264 Wis. 238, 243, 58 N. W. 2d 682.

deposited with First Federal in the amount of $150,000 and, by such collateral agreement, pledged to insure completion of the twenty-two bed addition to the nursing home as provided for in the purchase and sale agreement. First Federal, as escrow agent, was to have sole discretion in determining compliance with the construction agreement. Upon such determination, First Federal was to pay over to the seller the money held in escrow, together with all interests earned or accrued thereon, less any expenses, charges or expenditures properly offset against said account. It is alleged that the plaintiffs did fully comply with such collateral agreement, but that First Federal and appellants have wrongfully failed to release to plaintiffs certain funds which should be released upon completion of the agreement. It is further alleged that National Health has received an unknown amount of funds belonging to plaintiffs as accounts receivable accrued prior to date of transfer, and plaintiffs demand an accounting as to such funds.

Appellants argue that a cause of action for accounting has not been pleaded because no reason is given why the remedy at law is inadequate, and, therefore, no ground for equity jurisdiction has been established. Paragraph 15 of the complaint alleges that National Health has received an unknown amount of funds belonging to the plaintiffs. Only an accounting can determine the proper or exact amount due and owing the respondents, if the facts are as alleged. The need for discovery as to amounts due under all the agreements and liabilities deriving therefrom creates the reason and ground for seeking and being entitled to equity jurisdiction.[7] At the demurrer stage, the complaint adequately sets forth a cause of action for ac-

[7] *Walter Diehnelt, Inc. v. Root* (1924), 183 Wis. 535, 538, 198 N. W. 388.

counting, and, as the trial court found, establishes a basis for equity jurisdiction.

(4) *As to the joinder of causes of action.* The basic rule in this state for allowing joinder of causes of action in a single complaint is clear enough. The joining of causes of action in the same complaint is permitted when: (1) The causes affect all parties to the action; (2) the causes do not require different places of trial; and (3) are separately stated.[8] The application of the rule, however, can be and often is a "most perplexing question."[9] Identification of the exact status of the parties to this lawsuit, as well as the primary nature of the action, are required to answer whether the causes of action can be properly united in a single complaint.

The amended complaint makes clear that the plaintiffs are parties with identical interests. The two corporations involved, and their president, were parties to all agreements out of which the alleged rights of plaintiffs allegedly violated by defendants derive. From the amended complaint, it is equally clear that defendants, National Health and Superior Nursing Home of Antigo, Inc., are identical in interest and status. In fact, Superior is alleged to be a subsidiary of National Health, and its nominee as the recipient of the property under the purchase and sale agreement. Defendant, Al Zocher, is alleged to be an employee of National Health and its agent. The defendant, not joining in the demurrer, First Federal is party separate. Its interest, rights and possible liability arise from its role as escrow agent and the holder of a mortgage assumed by National Health through its subsidiary and nominee.

Appellants submit that separate agreements creating separate rights between different parties are involved. The purchase and sale agreement is one such. The

---

[8] *Whaling v. Stone Construction Co.* (1958), 5 Wis. 2d 113, 118, 92 N. W. 2d 278. *See also:* sec. 263.04, Stats.

[9] *Usow v. Usow* (1933), 213 Wis. 395, 401, 251 N. W. 458.

collateral escrow agreement, although incorporating the purchase and sale agreement, is another, creating a new right and a new duty. It follows, it is argued, that, at least as to First Federal, a defendant not a party to the purchase agreement, a new duty, allegedly subsequently breached, was created. Additionally, it is contended, the agreement to transfer certain assets outside of the purchase agreement is an additional new agreement, creating separate and distinct rights. Appellants point out that all parties to the action, particularly First Federal, are not affected or involved in the three causes of action pleaded.

This court has defined a cause of action as ". . . a grouping of facts falling into a single unit or occurrence as a lay person would view them." [10] Do the various agreements entered into and the claims of rights resulting therefrom constitute such a "grouping of facts falling into a single unit or occurrence as a lay person would view them?" The question would be close if impact of all causes on all parties were the sole inquiry to be made, particularly in view of statutory restrictions on joinder (sec. 263.04, Stats.). However, this court has recognized an exception to the statutory restrictions on joinder, relating to the primary nature of the action. ". . . Where the actions are equitable in nature, courts will now take into consideration the entire subject matter and retain such jurisdiction until all matters involved in the litigation and connected with the subject matter are finally disposed of." [11]

In this case, the trial court found that ". . . plaintiff's amended complaint basically involves but one cause of action for recovery of balance due on the sale of two nursing homes, conditional on additions made to one, with transfer of equipment and calls for a simple

---

[10] *Caygill v. Ipsen* (1965), 27 Wis. 2d 578, 582, 135 N. W. 2d 284.

[11] *Whaling v. Stone Construction Co., supra,* at page 118.

and final accounting between the parties . . . ." This trial court analysis of the nature of the action makes good sense. Basically what is sought is an accounting. Plaintiffs seek what they claim to be due them under a series of agreements, all related to the transfer of the two nursing homes. The claim against First Federal as escrow agent is clearly incidental to such principal claim, and is necessarily included in seeking a "simple and final accounting between the parties." The trial court is not bound to the form of the pleading to determine whether more than one cause of action is alleged.[12] Neither is it bound to the form of the pleading in determining the primary nature of the remedy or relief sought. With the primary relief sought properly found to be equitable—seeking an accounting—it follows that ". . . where an equitable cause of action is asserted many different kinds of relief may be demanded even though the different kinds of relief do not affect all of the parties to the action, so long as the relief is incidental, auxiliary, or germane to the principal controversy, promotes the administration of justice and a complete determination of the controversy."[13] This test is met and these ends are furthered by permitting joinder here.

*By the Court.*—Orders affirmed.

---

[12] *Usow v. Usow, supra,* at page 401.
[13] *Id.* at page 401.