KUJUS, d/b/a OTTO'S BEVERAGE CENTER and others, Respondents, v. SCHMIDMAN, d/b/a NATIONAL LIQUOR MART and others, Defendants: DIETZ and others, Appellants.

*No. 440. Argued January 7, 1975.——Decided February 4, 1975.*
(Also reported in 225 N. W. 2d 484.)

For the appellants there was a brief and oral argument by *Francis X. Krembs* of Milwaukee.

For the respondents there was a brief by *Atinsky, Kahn & Sicula* of Milwaukee, and oral argument by *Paul E. Sicula.*

ROBERT W. HANSEN, J. Exactly as the trial court found, the basic issue here to be resolved, as a result of

defendants' demurrer, is whether the plaintiffs have standing to seek an injunction for violation of this state's Fair Trade Act.[1] Violations of the section here involved are, under the statute, "actionable at the suit of any person damaged thereby."[2] Appellants contend that "any person damaged" refers only to a producer or vendor under the statute, while respondents argue that any person damaged may sue, regardless of whether or not such person is a distributor, wholesaler, producer or vendor.

Exactly as the trial court concluded, we agree that the appellants here had standing to bring this action, the statutory reference to "any person damaged thereby" clearly including retail sellers who were bound to abide by the resale price restrictions of the fair sale agreement, they being persons affected, and here allegedly damaged, by the violation of the statute. As the trial court pointed out, the statute involved is barren of any provision which restricts the institution of a cause of action solely to a producer or distributor.

In reaching its conclusion that these plaintiffs had standing to bring this action to enjoin alleged violations of the fair trade statute, the trial court relied upon and quoted from a New York state court decision that dealt with the identical phrase, "actionable at the suit of any person damaged thereby," in a similar statute. In the case relied upon, the New York court held that the plaintiff there, although not a signatory, was bound under the fair trade law to abide by resale price restrictions of a fair trade agreement and ". . . therefore comes within the phrase 'any person damaged thereby' " within the

---

[1] Sec. 133.25, Stats.

[2] Sec. 133.25 (5), Stats., reads as follows: "Wilfully and knowingly advertising, offering for sale or selling any commodity at less than the price stipulated in any contract referred to in subsection (3), whether or not the person so advertising, offering for sale or selling is a party to such contract, is unfair competition and is actionable at the suit of any person damaged thereby."

statute authorizing such person to maintain an action for damages and for injunction.[3] In an earlier case in the same state the same construction was given the same statute,[4] and no conflict was found with an earlier statute prohibiting "horizontal price fixing." [5] We agree with the trial court here that the reasoning of the New York decisions is persuasive and note that this appears to be the construction usually given the provision in a state's fair trade act that violations are to be actionable at the suit of "any person damaged thereby." [6]

[3] *Whelan Drug Co. v. Doz, Inc.* (1958), 16 Misc. 2d 639, 640, 183 N. Y. Supp. 2d 255, 257, the court denying a motion to dismiss plaintiff's complaint on the ground that it did not state facts sufficient to constitute a cause of action.

[4] *Port Chester Wine & Liquor Shop, Inc. v. Miller Bros.* (1938), 253 App. Div. 188, 192, 1 N. Y. Supp. 2d 802, 806, holding: ". . . To interpret section 2, despite its clarity, so as to limit the maintenance of an action to enforce rights thereunder to the producer or wholesale vendor and to exclude the vendee or retailer from the right so to do would be in disregard of its all-inclusive language and render the statute of less efficacy in furthering the plain legislative purpose of preventing price-cutting practices with relation to identified commodities which have been made the subject of a vertical price-fixing arrangement pursuant to the statute."

[5] *Id.* at page 194 the court stating: "The Fair Trade Act, so interpreted, entitles a retailer to seek redress under a vertical price-fixing arrangement and is not in conflict with the provisions of the Donnelly Act, which bans horizontal price-fixing. The Legislature has seen fit by the later enactment to declare vertical price arrangements of a specified character to be valid; therefore, such arrangements must be construed to be without the language of the earlier Donnelly Act."

[6] *See:* 32 Am. Jur. 2d, *Fair Trade Laws*, p. 57, sec. 22, stating: "Usually, the only express provision of the fair trade acts as to those by whom the restriction as to resale price of fair trade agreements may be enforced is found in the clause which makes 'actionable at the suit of any person damaged thereby' the violation of the resale price restriction. It has been stated that this provision renders proper a suit by a person affected, to enjoin alleged practices in violation of the statute. The courts have generally construed such provision as including not only the producer or

In upholding the constitutionality of the statute here involved, this court, in a case brought by a toothbrush manufacturer against a retail drug company, held the primary purpose of fair trade acts to be to ". . . prohibit price cutting . . . in a legitimate legislative attempt to afford protection to the validly-acquired rights of others. . . ." [7] Appellants see such "validly acquired rights of others" as being limited to producers or vendors, but that limitation is nowhere contained in the statute. Appellants additionally quote from a United States Supreme Court decision stating that a fair trade act ". . . proceeds upon the theory that the sale of identified goods at less than the price fixed by the owner of the mark or brand is an assault upon the good will [of the vendor] . . . ." [8] But the same decision notes a great body of fact and opinion tending to show that the practice prohibited is ". . . not only injurious to the good will and business of the producer and distributor of identified goods, but injurious to the general public as well. . . ." [9] The protection of such public interest may not be the primary aim, but it

manufacturer who owns the trademark or the tradename, but also the wholesaler and the retailer, even though the wholesaler or retailer was not the owner of the trademark or tradename. . . ." *See also: Cooley v. White Cross Centers* (1961), 229 Md. 343, 183 Atl. 2d 381.

[7] *Weco Products Co. v. Reed Drug Co.* (1937), 225 Wis. 474, 487, 274 N. W. 426, this court also holding: ". . . If sec. 133.25, Stats., is valid then, although no *contractual* obligation can, of course, be imposed on the defendant by a contract to which it is not a party, the defendant's conduct in violation of sub. (5), of sec. 133.25, Stats., is nevertheless actionable in view of the provisions therein, that such conduct 'is unfair competition and is actionable at the suit of any person damaged thereby' — 'whether or not the person so advertising, offering for sale or selling is party to such contract.'" *Id.* at page 480.

[8] *Old Dearborn Co. v. Seagram Corp.* (1936), 299 U. S. 183, 195, 57 Sup. Ct. 139, 81 L. Ed. 109.

[9] *Id.* at page 195.

is an included objective of a fair trade act.[10] It is not for courts to determine the wisdom of this type of legislation. It is enough to conclude that the legislature, when it provided for suits by "any person damaged thereby" did not intend to limit actions for violations of the Fair Trade Act to producers and vendors, and gave standing to these plaintiffs to bring this type of action.

As the trial court here found, we agree that there is here no improper joinder of causes of action. The law regarding joinder of causes of action has recently been summarized by this court,[11] and there this court recognized

[10] *See:* Annot. (1940), 125 A. L. R. 1335, 1359, stating: ". . . while the court in *Old Dearborn Distributing Co. v. Seagram-Distillers Corp.* (1936), 299 U. S. 183 . . . has said that the primary aim of the law was to protect the property,—that is, the good will, —of the producer, that was not the sole aim, and that the statutory aim was threefold, namely, to protect trademark owners, distributors, and the public. And it was concluded that the plaintiff, having obtained by contract an interest in the property rights evidenced by the tradename, brand, or mark, and having suffered damage as a consequence of defendant's price-cutting activities, might maintain this action to protect that property interest, as well as for the further reason that such activities come within the broad general language of section 2, where such acts of the defendant are declared to be actionable 'at the suit of any person damaged thereby.'" In *Port Chester Wine & Liquor Shop, Inc. v. Miller Bros., supra,* footnote 4, the court concluded at page 192: "The one who to a greater degree bears the brunt or burden as a consequence of price-cutting by a retailer is the competing retailer who is observing his contract obligations. Such a retailer suffers proportionately to a greater extent than does the producer. . . ."

[11] *See: Antigo Superior Nursing Home, Inc. v. First Federal* (1971), 51 Wis. 2d 196, 202, 186 N. W. 2d 265, this court holding: ". . . The basic rule in this state for allowing joinder of causes of action in a single complaint is clear enough. The joining of causes of action in the same complaint is permitted when: (1) The causes affect all parties to the action; (2) the causes do not require different places of trial; and (3) are separately stated. The application of the rule, however, can be and often is a 'most perplexing question.' Identification of the exact status of the parties to this lawsuit, as well as the primary nature of the action,

an exception to the statutory restrictions on joinder, relating to the primary nature of the action, holding that " '. . . Where the actions are equitable in nature, courts will now take into consideration the entire subject matter and retain such jurisdiction until all matters involved in the litigation and connected with the subject matter are finally disposed of.' " [12] Particularly since the cause of action alleged in the amended complaint—seeking an injunction against the defendants for alleged violation of the Fair Trade Act—is equitable in nature, we see no improper joinder of causes of action in the case before us. The amended complaint alleges one cause of action against many defendants. All of the defendants are charged with advertising and selling liquor below fair trade prices in violation of the Fair Trade Act. All of the plaintiffs and all of the defendants are alleged to be retail liquor dealers who are parties to fair trade contracts with specified distributors. The amended complaint makes clear that the plaintiffs are parties with identical status and interests, and that the defendants are parties with identical status and interests. We affirm the trial court finding that there is here no defect as to parties plaintiff and no improper joinder of causes of action.

*By the Court.*—Order affirmed.

---

are required to answer whether the causes of action can be properly united in a single complaint."

[12] *Id.* at page 203, quoting *Whaling v. Stone Construction Co.* (1958), 5 Wis. 2d 113, 118, 92 N. W. 2d 278.